UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TIMOTHY BUSS,

        Petitioner,        CASE NO. 12-13526
                                HONORABLE ARTHUR J. TARNOW

v.

THOMAS BIRKETT,

        Respondent.
_____/

## ORDER DENYING MOTIONS FOR STAY AND SETTING BRIEFING SCHEDULE

I.

This is a habeas case brought pursuant to 28 U.S.C. § 2254. On February 15, 2007, Michigan prisoner Timothy Buss was convicted of assault with intent to commit murder and other offenses in the Oakland Circuit Court. The matter is before the Court on Petitioner's request to stay his habeas proceeding and Respondent's motion to stay the order requiring it to answer the petition. For the reasons stated below, the Court will deny the motions and instead set a briefing schedule.

II.

Following Petitioner's conviction, he filed a claim of appeal in the Michigan Court of Appeals, raising the following claims: (1) insufficiency of the evidence; (2) failure to instruct the jury on Petitioner's duress defense; and (3) failure to allow complete cross-examination of a prosecution witness. The Court of Appeals affirmed in an unpublished opinion. *People v. Buss*, No. 278279 (Mich. Ct. App. September 16, 2008). Petitioner subsequently filed an application for leave to appeal, but it was denied in a standard order. *People v. Buss*, No. 137641 (Mich. Sup. Ct. February 24, 2009).

On May 17, 2010, Petitioner returned to the trial court and filed a motion for relief from judgment. The motion raised the following claims: (1) prosecutorial misconduct; (2) ineffective assistance of trial counsel; and (3) ineffective assistance of appellate counsel. The trial court denied the motion on December 17, 2010. Petitioner filed an application for leave to appeal in the Michigan Court of Appeals that was denied by citation to Mich. Ct. R. 6.508(D). *People v. Buss*, No. 145407 (Mich. Ct. App. June 12, 2012). Petitioner filed an application for leave to appeal in the Michigan Supreme Court on July 3, 2012. The application is still pending.

Petitioner's present application for habeas relief raises the same three claims that he raised in the state courts during his direct appeal. His letter request for a stay indicates that he wishes to include the three additional claims raised in state post-conviction review once his completes the exhaustion requirement in the Michigan Supreme Court. Respondent does not oppose Petitioner's request, but requests a stay of its own of the order requiring it to answer the petition.

### III.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).

A federal district court has discretion to stay a petition containing both exhausted and

unexhausted claims to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

It appears that Petitioner had little time remaining on the statute of limitations when he filed his petition. Accordingly, the Court would be inclined to grant Petitioner a stay, especially because Respondent does not oppose his request. However, it appears that Petitioner is already on the verge of exhausting his three new claims. Petitioner filed his application for leave to appeal in the Michigan Supreme Court on June 29, 2012, and all that remains is for the Michigan Supreme Court to issue its order.

In these circumstances, rather than administratively closing the case and then reopening it in such a short period of time, it is in the best interests of justice to simply set a briefing schedule for the parties after the Michigan Supreme Court issues its decision.

IV.

Accordingly, **IT IS ORDERED** that the motions for stay are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner shall have forty-five (45) days to file an amended petition raising his additional claims from the date he receives the Michigan Supreme Court order disposing of his application for leave to appeal.

**IT IS FURTHER ORDERED** that Respondent shall file an answer to the amended petition

along with the applicable Rule 5 materials within forty-five (45) days from the date Petitioner files his amended petition.

                                      S/Arthur J. Tarnow
                                      Arthur J. Tarnow
                                      United States District Judge

Dated: October 17, 2012

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on October 17, 2012, by electronic and/or ordinary mail.

                                      S/Catherine A. Pickles
                                      Judicial Assistant