UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BUSS,

    Petitioner,                                  Civil No. 2:12-cv-13526
                                                        Honorable Arthur J. Tarnow

THOMAS BIRKETT,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTIONS FOR RELIEF FROM JUDGMENT AND MOTIONS FOR CERTIFICATE OF APPEALABILITY [DKT NOS. 24, 25, 27, and 28]**

Before the Court are Petitioner's two virtually identical motions for relief from judgment and his two motions for a certificate of appealability. On May 1, 2014, the Court issued an opinion and order denying Petitioner's habeas application after rejecting each of his claims on the merits. The Court also denied Petitioner a certificate of appealability, but granted him leave to appeal in forma pauperis.

Petitioner brings the present motions pursuant to Federal Rule of Civil Procedure 60(b)(6) arguing that he is entitled to relief from this court's judgment because he was denied the opportunity to object to a report and recommendation regarding the merits of his petition, and because the Court denied a certificate of appealability without allowing Petitioner to first file a motion for one.

Petitioner moves for relief from judgment pursuant to Rule 60(b)(6), which may be used to relieve a party from judgment only in extraordinary circumstances which are not addressed by the first five subsections of Rule 60(b). *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F. 3d 465, 468 (6th Cir. 2007). The Sixth Circuit has stated that: "Courts . . . must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in

Rule 60(b)'s first five clauses is present. The something more . . . must include unusual and extreme situations where principles of equity mandate relief." *Id*. (internal citations and quotations omitted). Petitioner's arguments do not demonstrate that an unusual or extreme situation exists that warrants relief from judgment.

While a Court may refer a case to a United States Magistrate Judge for a report and recommendation under 28 U.S.C. § 636(b)(1), it is not obligated to do so. The Court never referred Petitioner's case, and therefore there was no report and recommendation to object to. Furthermore, contrary to Petitioner's assertions, the Court is required to rule on a certificate of appealability at the same time it issues its dispositive opinion in a habeas case. See Rule 11, Rules Governing Section 2254 Proceedings. Lastly, Petitioner's motions for a certificate of appealability are denied for the reasons already stated in the Court's prior opinion.

Based upon the foregoing, **IT IS HEREBY ORDERED** that Petitioner's Motions for Relief From Judgment and Motions for a Certificate of Appealability [Dkt. Nos. 24, 25, 27, and 28] are **DENIED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated:  December 3, 2014

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on December 3, 2014, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant